CASE 94—ACTION TO DECLARE TRUST—JUNE 2.

# Bright's Executors v. Swinebroad, Etc.

### APPEAL FROM GARRARD CIRCUIT COURT.

1. EVIDENCE—HUSBAND AND WIFE—TRANSACTIONS WITH DECEDENT.—
   In an action for the benefit of a married woman to declare a
   trust in certain personalty against an estate in the hands of
   executors, as the action might have been brought by the wife
   alone, her husband is a competent witness in her behalf, but
   as to transactions with a person who was dead at the time of the
   proposed testimony, he was incompetent to testify as to any
   facts as to which the wife herself was incompetent.
2. SAME—TRUSTEE FOR WIFE.—In such an action the trustee for the
   wife is competent to testify as to transactions with the testator—
   he not being in any sense an agent for the wife.

W. G. WELCH AND HILL & M'ROBERTS FOR THE APPELLANTS.

1. Parol trusts. Perry on Trusts, secs. 96-97-100; 27 Am. & Eng. Ency.
   of Law, 57.
2. Husband not competent witness. Civil Code, sec. 606, sub-secs.
   1, 2; Howard, &c., v. Tenny, &c., 10 Ky. Law Rep., 94; 29 Am.
   & Eng. Ency. of Law, 57.

R. H. TOMLINSON FOR THE APPELLEE. (R. P. JACOBS OF COUNSEL.)

1. The evidence is sufficient to establish a trust in favor of the ap-
   pellee.
2. Her husband was a competent witness under section 606 of the Civil
   Code.
3. The court erred in sustaining the exceptions of appellant to the
   testimony of G. B. Swinebroad.
   Citations:  Beach v. Cummins, 13 Ky. Law Rep., 881; Williamson
   v. Yager, 13 Ky. Law Rep., 273; Roche v. George's Exr., 13
   Ky. L. R., 493; Same, 14 Ky. L. R., 584; Barkley v. Lane's Exr.,
   6 Bush, 587; Barton v. Barton, 80 Ky., 215; Perry v. Riding's,
   Gdn., 9 Ky. Law Rep., 536; Merriwether v. Morrison, 78 Ky.,
   572; Stephenson's Admr. v. King, 5 Ky. Law Rep., 378; South-
   erland v. Southerland, 5 Bush, 591; Booth v. Vanarsdale, 9
   Bush, 717; Wise v. Foote, 81 Ky., 13; Flood v. Pragoff, 79 Ky.,
   607; 11 B. M., 358; Arnold v. Bryant, 8 Bush, 672; Civil Code,
   sec. 607, and sub-sections; 1 Met., 651.

[ 47 ]

Bright's Exrs. v. Swinebroad, &c.

(The Reporter finds filed with the record an unsigned brief for the appellee, to which is appended this list of citations): 6 Bush, 587; Civil Code, sec. 134; Posey v. Green, 78 Ky., 162; Old Code, sec. 674; Civil Code, sec. 606; Perry on Trusts, vol. 1, sec. 99.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

Kate B. Swinebroad instituted this action, 15th of July, 1897, in the Garrard circuit court, against G. B. Swinebroad, trustee, S. Hubble, R. L. Hubble, William Hubble, committee for S. Hubble, and the executors of Greenberry Bright.

The claim of the plaintiff is, in substance, that the first-named Hubbles executed their note to Greenberry Bright, November 3, 1896, for $444.06. It also appears from the petition that Greenberry Bright departed this life the 3d of December, 1896, and that during his lifetime, to wit, on the 13th of November, 1896, he gave and delivered to the defendant G. B. Swinebroad, in trust for the plaintiff, the aforesaid note, together with one certain other note; and that said Bright, by his act in giving and delivering said note to said Swinebroad, and by his instructions given at the time of the delivery of the said note on the 13th day of November, 1896, made and constituted the said G. B. Swinebroad, trustee for the plaintiff to the amount of $1,000 in said notes; and that in pursuance to said trust and instructions given to him by the said Greenberry Bright the defendant Swinebroad, on or about January 1, 1897, collected and paid over to plaintiff the proceeds of one note, amounting to $795.45, but said Swinebroad has not paid over to her the balance of the said $1,000 of trust money; that he now has in his possession said note against defendants Hubbles; and that there is a balance due to the plaintiff of said $1,000 to the amount of $204.55, with interest from the 13th of Novem-

ber, 1896; and that Swinebroad, in not collecting and pay-
ing to plaintiff the said $204.55, with interest, aforesaid,
has failed to execute fully the trust imposed on him by
said Greenberry Bright, and that he has failed to fully
execute the provisions of said trust; that after the execu-
tion of said trust there will be a balance of said note
against said defendants Hubbles going to the executors of
said Bright. Plaintiff finally prayed for process against
defendants, and that the court compel the said Swinebroad
to collect said note, and pay to her the amount aforesaid,
and for judgment against Hubbles on said note, and that,
after the payment to this plaintiff the sum aforesaid,
the balance on said note to be paid according to the direc-
tions of the court; and prays for all proper relief.

The court sustained the demurrer of Bright's executors
to the petition, with leave to plaintiff to amend. The Hub-
bles indicated their readiness to pay the debt, and also
pleaded that they tendered the amount of the note to the
executors of Greenberry Bright on the 8th of February,
1897, and demanded the note, which they failed to produce,
and announced their readiness to pay the money according
to the judgment of the court.

An amended petition alleged that the said Bright's acts,
in giving and delivering said note to said Swinebroad, and
by his instructing him at the time of said delivery that he
gave to said plaintiff $1,000 of same, and the same to be
paid out of the proceeds of said note, directed said Swine-
broad to collect said note, and, when collected, to pay the
$1,000 to the said plaintiff out of the proceeds of said
notes aforesaid, and thereby constituted said Swinebroad
trustee for that purpose.

A demurrer was sustained to the petition as amended.
A second amended petition was filed, making more spe-

cific the transaction hereinbefore referred to, and the demurrer of Bright's executors thereto was overruled.

The answer of Bright's executors is a denial of the gift or transaction set up by the plaintiff, and pleaded that the said note was placed in the hands of said G. B. Swinebroad, who was an attorney at law, for collection, and for no other purpose; and that as executors they are the owners of and entitled to the possession of said note. Wherefore they make this answer a cross petition against the defendant Swinebroad, and ask that plaintiff's petition be dismissed, and that they be adjudged to be the owners of said note, and finally pray for their costs.

The reply of plaintiff is a denial of the affirmative allegations of the answer and cross petition.

The answer of G. B. Swinebroad to the cross petition of Bright's executors substantially shows that the notes were placed in his hands for the purpose and under the conditions claimed by plaintiff.

The answer of G. B. Swinebroad to the petition of plaintiff shows that he received the notes under the circumstances and directions stated in plaintiff's petition, and prays judgment against the Hubbles on the note in question, and that same be paid over to him, as trustee for Kate Swinebroad, and for all proper relief.

After the issues were fully made up, and proof taken, the court, upon final hearing, overruled the exceptions of Bright's executors to the deposition of G. B. Swinebroad, taken by plaintiff, who, it appears, was the husband of the plaintiff. The court sustained the exceptions of Bright's executors to the deposition of G. B. Swinebroad, the alleged trustee. It further appears from the judgment that plaintiff only read upon the trial so much of G. B. Swinebroad's deposition as was taken in chief, and only

that part of Mrs. George Wood's deposition as was taken in chief. Bright's executors declined to read any of the depositions taken in their behalf. The court then adjudged that certain notes, including the note on the defendants Hubbles, were placed in the hands of G. B. Swinebroad to be by him held in trust for plaintiff's use and benefit, and that it appeared that the trustees had collected the sum of $795.45, which had been paid to plaintiff, leaving a balance of $204.55, with interest from November 13, 1896; and that the trust to this amount, to wit, $204.55, with interest aforesaid, attaches to the said Hubble note. The court then adjudges that the Hubbles pay to Swinebroad said sum, with interest as aforesaid, which shall be held by said Swinebroad in trust for the use and benefit of plaintiff, and when said sum is so paid the payment shall operate as a credit to said Hubbles on said note. The case is retained on the docket for the purpose of enforcing this judgment. The counterclaim of Bright's executors is dismissed, and the plaintiff adjudged her costs as against them to be made of assets unadministered. To the judgment adjudging this trust and dismissing Bright's executors' counterclaim, Bright's executors except, and pray an appeal to the Court of Appeals, which is granted.

One of the questions of importance in this case is to determine as to the competency of G. B. Swinebroad, the husband, as a witness. It will be seen from his deposition that he testifies as to conversations, etc., upon the part of Greenberry Bright during his lifetime, which statements and conversations upon the part of Bright tend to sustain plaintiff's claim. It does not appear that the transaction or contract was made with the witness. It will be seen from the deposition of G. B. Swinebroad that he testified, in effect, that the decedent, Bright, told witness' wife and

witness repeatedly that he had $1,000 to give her, and
that she was provided for in his will. These statements
were made at different times and places. One of the state-
ments of Swinebroad is as follows: "He (meaning Bright)
said to my wife at that time, 'Now I will·give you the $1-
000 I have been talking about giving you, and you are also
provided for in the will.' He made that statement to my
wife in my presence. That statement was made while go-
ing to Middlesborough, in July, 1895. All of the ,state-
ments were made to me and to my wife in my presence."
In answer to another question by plaintiff, witness says:
"He told me on the 12th of November, 1896, or about that
date, to tell Bright Swinebroad to come up to his room the
next morning, that he had made up his mind, and planned
as to how he would give Kate the $1,000 that he had been
promising her; that he had some notes that he would
turn over to him to collect and pay over to his mother. I
told Bright Swinebroad what his grandfather had told me,
and for him to go and see him the next morning, and he did
go."

It will be seen from an examination of the transcript
that the testimony of the witness in question is very mater-
ial, and, if it had been excluded, no doubt the court would
have rendered a different judgment.

It is earnestly insisted for appellant that the court erred
in overruling the exceptions to the deposition of the hus-
band. It is earnestly insisted for appellee that under the
law as it now stands the husband was a competent witness;
that the property sued for was the individual
property of the plaintiff, and that the husband had
no control nor pecuniary interest at all in the recovery
sought; and we are referred to section 606 of the Civil
Code, which, in effect, provides that in actions which

might have been brought by or against the wife, if she had been unmarried, that in such actions either but not both husband and wife may testify. Under the act known as the "Weissinger Act" this suit was prosecuted in. the name of the plaintiff alone; and it may be well said that as a matter of law the husband had no pecuniary interest in the controversy, and was not a party to the suit, and· inasmuch as the wife did not testify, under the provisions of the Code, *supra*, the husband would be entitled to testify; and to a certain extent this contention is. tenable.

Under the common law neither the husband nor the wife could testify for or against each other, but the Code of Practice has modified or changed the rule of the common law to the extent indicated in the section hereinbefore referred to. But it is also provided in the same section that no person shall testify for himself concerning any verbal statement, or any transaction with, or any act done or omitted to be done . . . by one who is dead when the testimony is offered to be given, except for the purpose and to the extent of affecting one who is living, and who, when over fourteen years of age, and of sound mind, heard such statement, or was present when such transaction took place or when such act was done or omitted to be done; subject, however, to certain other exceptions, which follow in the same section, none of which are ·applicable to this case.

It is clear that the husband was entitled to testify to any fact within his knowledge that the wife could have been allowed to have testified to if the same fact had been within her knowledge, and she had elected to testify instead of her husband.

Upon a careful consideration of the authorities and the reason of the law, we are of opinion that the husband could only testify as to such transactions as the wife could have

testified to if the same had been within her knowledge. It is clear that the wife was incompetent to testify to the conversations or transactions had with the decedent, or to the promises made by him, and, this being true, we are of the opinion that the husband could not testify to such transactions or conversations; and to that extent he was incompetent, and the court below should have so held.

We are further of the opinion that the court below erred in excluding the deposition of G. B. Swinebroad. He was not a party plaintiff in the action, and had no pecuniary interest whatever in it, and although, in a sense, the trustee of the plaintiff, he was not her agent in the conversation or transaction had between him and the decedent; hence it seems clear to us that he was a competent witness, and for the purpose of this appeal we will consider his testimony so far as the same is otherwise competent.

Taking the competent evidence together, we think the judgment of the court below is sustained by the law and facts, and said judgment is affirmed.

---

CASE 95—ACTION FOR NEW TRIAL—HOMESTEAD—JUNE 2.