CASE 87—ACTION BY KATE B. SWINEBROAD AGAINST GEORGE P. BRIGHT AND OTHERS, TO RECOVER A LEGACY.—APRIL 24, 1901.

(Omitted in former reports.)

# Swinebroad v. Bright.

APPEAL FROM LINCOLN CIRCUIT COURT—M. C. SAUFLEY, CIRCUIT JUDGE.

JUDGMENT FOR DEFENDANTS. PLAINTIFF APPEALS. REVERSED.

WILLS—LEGACY—ADEMPTION—BURDEN OF PROOF.

1. Under Kentucky Statutes, section 4840, providing that "a provision for or advancement to any person, shall be deemed a satisfaction in whole or in part of a devise or bequest to such person contained in a previous will, if it would be so deemed in case the devisee or legatee were the child of the testator; and whether he is a child or not it shall be deemed in all cases in which it shall appear from parol or other evidence to have been so intended," the purpose and intent of the statute was to change the common law rule of presumption as to satisfaction of the devise, so·that no such gift, advancement to, or proviso for, any person may be shown by parol or other evidence to have been intended as a satisfaction, and that in the absence of proof on the subject the provisions of the will which speak as of the date of the death of the testator will prevail, and the devise will hold good.

R. H. TOMLINSON, R. P. JACOBS AND G. B. SWINEBROAD, ATTORNEYS FOR APPELLANT.

Our contention is:
1. That a gift of money made to an heir after the date of the testator's will.is not an ademption of a legacy to the same heir, nor even can it be a satisfaction of the legacy unless those claiming against the will allege and prove that such was the intention of the testator at the time the gift was made.

Swinebroad v. Bright.

2. If the contention of appellees that a gift, provision for, or advancement to a legatee by testator, after the execution of his will is, in law, a satisfaction or ademption of a legacy, it could not prevail in this case by the testators placing the notes in question in the hands of an attorney to collect with instructions to pay appellant the sum of $1,000, as in order to constitute such a gift as would be a satisfaction of the legacy the testator must in his life time divest himself of all interest in the property or gift to the legatee, which is not the fact in this case.

### AUTHORITIES.

Kentucky Statutes, sections 4840, 4835, 2068; Duncan's Trustee v. Clay, 13 Bush, 48; Grigsby's Ex. v. Wilson, 9 Bush, 94; Ferguson v. Bush, 9 R., 886; Glascock v. Layle, 21 R., 860; Boone v. Thornsbury, 21 R., 368; Hocker v. Gentry, 3 Met., 473; Wickliff v. Preston, 4 Met., 178; Lilly v. Curry's Exr., 6 Bush, 590; A. & E. Ency. of Law, pp. 104-108, 87-100.

W. G. WELCH AND HILL & McROBERTS, ATTORNEYS FOR APPELLEE.

1. Whenever a parent gives a legacy to his child, and afterwards during his lifetime makes an advancement to such child if *ejusdem generis*, is presumed to be an ademption of the legacy, in *toto* or *pro tanto* according as it is equal to or less than the legacy.

2. There is no proof in this case to show a contrary intention on the part of the testator, so the payment of the $1,000 to appellant by the testator through his attorney, G. B. Swinebroad, was an ademption of her legacy of $1,000.

### AUTHORITIES CITED.

A. & E. Ency. of Law, vol. 1, page 613; Pomeroy's Equity Jurisprudence, vol. 1, sec. 554; Highbaugh's Exr. v. Brunk, 5 R., 175; Timberlake v. Parrish's Exr., 5 Dana, 346.

OPINION OF THE COURT BY JUDGE WHITE—REVERSING.

In December, 1896, Greenberry Bright died, domiciled in Lincoln county, testate, and after his death his will was duly admitted to probate. This will bears date of July 13, 1895, and contains, among others, these provisions: "I will and bequeath to my daughter, Kate Swinebroad, $1,000 in addi-

tion to the amount paid to her and family. . . . I further direct that Louella Bright, my granddaughter, shall have $250, and should I pay off any of the donations in my time, I will keep an account."

The appellant brought this action seeking to recover the legacy above. To this action appellees, the executors, answered and pleaded that after the date of the will the testator had given to appellant $1,000, and that this operated to satisfy and adeem the legacy. To this answer a demurrer was entered and overruled. Appellant's contention on the demurrer is that the answer should have alleged that the testator, at the time of the gift or advancement of $1,000 intended to satisfy and adeem the legacy. Upon the demurrer being overruled, appellant filed a reply, in which she alleged that at the time of the gift or advancement the testator did not intend to adeem or satisfy the devise in the will. Upon this issue thus presented the court placed the burden on appellant, and of this ruling complaint is made.

The case was tried before the court without a jury, and he adjudged that appellant had failed to make out her cause of action and dismissed her petition, hence this appeal. The real question in the case arises on the demurrer to the answer. If the answer is sufficient and appellant should allege that the testator did not intend to satisfy the devise, then she should be required to sustain her case to prove that fact. On the other hand, if it is necessary for the appellees (executors) to allege that the testator did intend that the gift or advancement should satisfy or operate to adeem the devise, then the burden of proof would be on them. The trial court was entirely consistent in his rulings, for if there was error in passing on the demurrer, the same error was repeated on

Section 4840, Kentucky Statutes, which was also in the the question of burden of proof.

Revised Statutes, provides: "A provision for, or advancement to any person, shall be deemed a satisfaction in whole or in part of a devise or bequest to such person contained in a previous will, if it would be so deemed in case the devisee or legatee were the child of the testator; whether he is a child or not, it shall be so deemed in all cases in which it shall appear from parol or other evidence to have been so intended."

The first clause of this statute does not affect the case because appellant is a child of the testator, and that clause puts all persons on an equality with the child of a testator, but does not declare the rights of a child.

After having placed all legatees on the same footing, the statute declares that a provision for or advancement to a legatee, whether child or not, shall be deemed a satisfaction in whole or in part of a devise contained in a previous will, in all cases in which it shall appear from parol or other evidence to have been so intended. The rule of the common law as recognized by this court in Highbaugh's Ex'or v. Brunk, 5 Ky. Law Rep., 175, is thus stated: "At common law, a gift by the testator during his lifetime, of a portion equal to or exceeding the legacy was a satisfaction of the legacy . . . . it being only necessary that the provision should be *ejusdem generis.*"

The provision of the statute, *supra*, changed the rule of the common law so as to make the rule as to children apply to all legatees, and we think it also changed the rule as to the presumption of the fact of satisfaction or ademption. The rule of common law that the gift would satisfy a legacy was but a presumption of a fact and might be rebutted by evidence, and the real intention of the testator shown to have been otherwise. If this rule of the common law was to be left in force, the second clause of the statute need not have

been enacted, or if the intention had been to set at rest the right to rebut the presumption of satisfaction by statutory enactment, the wording would doubtless have been "it shall be so deemed in all cases, unless it shall appear from parol or other evidence not to have been so intended."

We are of the opinion that the purpose and intent of the statute was to change the common law rule of presumption as to satisfaction of the devise, so that no such gift, advancement to or provision for any person may be shown by parol or other evidence to have been intended as a satisfaction, and that, in the absence of proof on the subject, the provisions of the will which speak as of date of the death will prevail and the devise will hold good.

This question was before the court in the case of Duncan's Trustee v. Clay, etc., 13 Bush, 48, and it was there held as we understand the opinion, that parties claiming the advancement to be a satisfaction of a legacy should aver that such was the intention of the testator.

The court, by Chief Justice Lindsay, said: "It is not specifically averred in the cross petition of Kennedy and wife that the testator intended to satisfy in part the devise to Duncan by the gifts in question. . . . It is also alleged that the testator intended the $50,000 to be a provision for and an advancement to his five devisees and as their portion or settlement for life, and as satisfaction in part of the devises to them contained in the then existing will. . . . But treating the averments as sufficient in law, they are denied by Duncan in his reply, and a careful and laborious examination of the extended record before us has failed to disclose 'parol or other evidence' sufficient to make it reasonably appear that the gift was intended as a satisfaction in whole or in part of the devise to Duncan."

In that the answer of appellees failed to aver that the testator intended the provision for or advancement to appellant to be a satisfaction of the devise, it is insufficient and the demurrer thereto should have been sustained. In this view of the case it is unnecessary to discuss the evidence, and as a new trial becomes necessary, it might be improper.

For the reason indicated the judgment is reversed and cause remanded for proceedings consistent herewith.