CASE 52—ACTION BY KATE B. SWINEBROAD, &C., AGAINST GEORGE P. BRIGHT, &C., AS EXECUTORS OF GREENBERRY BRIGHT, DECEASED, TO RECOVER A LEGACY.—OCT. 22.

# Swinebroad v. Bright, &c.

### APPEAL FROM LINCOLN CIRCUIT COURT.

FORMER OPINION WITHDRAWN AND ON REHEARING REVERSED.

LEGACIES—ADEMPTION—PLEADING—TRANSACTION WITH DECEDENT— WITNESSES—COMPETENCY.

Held: 1. The allegation of the answer, in an action for legacy, that a payment by testator after the date of the will was intended by him in satisfaction of the legacy is an allegation that it was so intended by him when it was made.

2. The executor and his surety, in an action against him for a legacy, are not incompetent, under Civil Code, section 606, to testify to declarations of testator to show that a payment by him was intended in satisfaction of the legacy; they not being interested in the result, the controversy being really between such legatee and the residuary legatee. Not so, however, the legatee or her husband, or the residuary legatee.

3. One interested in the result of the action may not testify to a transaction between him and deceased in the presence of an-

Swinebroad v. Bright, &c.

other though such other testify for the other party in regard thereto.

R. H. TOMLINSON, G. B. SWINEBROAD AND R. P. JACOBS, AT-TORNEYS FOR APPELLANT.

Greenberry Bright, the father of the appellant, Kate B. Swine-broad, died December 3, 1896, and by his will devised to his said daughter as follows: "I will and bequeath to my daughter, Kate Swinebroad, $1,000.00 in addition to the amount paid her and her family."

This legacy the appellant demanded of the executors of her father, who refused to pay it or any part of it, alleging that after the execution and publication of the will the appellant sued the executors for the recovery of the residue of a certain sum of $1,000 in money which was given to her during the testator's lifetime to be paid out of the proceeds of certain notes, and on the merits of said suit judgment was rendered in her favor, and they allege that said gift was an ademption of the legacy sought to be recovered in this action.

1. Our contention is that a gift of money made to an heir after the date of the testator's will is not an ademption of a legacy made in his will nor even can it be a satisfaction of the legacy unless those claiming against the will allege and prove that such was the intention of the testator at the time the gift was made.

2. Even if appellee's contention is right in this matter that a gift of *money* is presumed to be a satisfaction or an ademption of a legacy in a previous will, their contention can not be main-tained in this case because the proof shows there was no gift of money but a gift of the *proceeds of certain notes* which at the time of testator's death, had not been converted into money nor passed entirely out of the control of the testator.

3. To constitute such an advancement as will make a gift that will be considered satisfied or adeemed by a legacy in a previous will, the ancestor must, in his lifetime, divest himself of all interest in the property or gift set apart to the heir.

4. The mere fact of the gift does not make it an ademption or satisfaction, but the parties seeking to prevent the legatee from receiving the legacy in a deliberately executed will must allege an intention on the part of the testator to adeem or satisfy the legacy.

5. The proof in the case fails to show an intention on the part of the testator to adeem or satisfy the legacy, giving the legatee the proceeds of said notes.

The lower court having held adversely to our contention, we respectfully ask for a reversal of its judgment.

Swinebroad v. Bright, &c.

AUTHORITIES CITED.

Ky. Stats., secs. 4840, 4835, 2068; Duncan's Trustee v. Clay, 13 Bush, 48; Grigsby's Exr. v. Wilson, 9 Bush, 94; Ferguson v. Bush, 9 R., 886; Glasscock v. Layle, 21 R., 860; Boone v. Thornberry, 21 R., 368; Hocker v. Gentry, 3 Met., 473; Wickliffe v. Preston, 4 Met., 478; Lilly v. Curry's Exr., 6 Bush, 590; Am. & Eng. Ency. of Law, pp. 104, 108, 87, 100.

W. G. WELCH AND HILL & McROBERTS, ATTORNEYS FOR APPELLEE.

We contend:

1. Where a parent gives a legacy to his child, and afterwards, during his own lifetime, makes an advance to such child, such advancement, *if ejusdem generis*, is presumed to be an ademption of the legacy in toto or pro tanto, according as it is equal to, or less than, the legacy.

2. There is no proof in this case to show a contrary intention on the part of the testator, so the payment of the $1,000 to appellant by the testator through his attorney, G. B. Swinebroad, was an ademption of her legacy.

AUTHORITIES CITED.

Am. & Eng. Ency. of Law, vol. 1, p. 613; Pomeroy's Eq. Jur., vol. 1, sec. 554; Highbaugh's Exr. v. Brunk, 5 Ky. Law Rep., 175; Timberlake v. Parrish's Exr., 5 Dana, 346.

OPINION OF THE COURT BY JUDGE HOBSON ON REHEARING—REVERSING. (FOR FORMER OPINION, SEE 73 S. W., 1031; 24 R., 2253.)

Appellant's father devised to her $1,000. Appellee, as his executor, refused to pay her the amount, on the ground that the legacy had been adeemed. She thereupon sued to recover it. The case is here for the second time. The facts of the case are stated in the former opinion. See Swinebroad v. Bright, 23 R., 55, 62 S. W., 484. On that appeal there had been a judgment for defendant, which was reversed on the ground that under the statute the burden of proof was on the executor to show that the $1,000 paid appellant after the date of the will was intended by the testator in satisfaction of the bequest to her. On the return of the case the defendants amended their answer in conformity to the opin-

ion, and, the case being tried before a jury, a verdict was returned in favor of the defendants, on which judgment was again entered, and the plaintiff appeals.

The only ground of complaint necessary to be noticed relates to the admission of evidence, as no objection is taken to the instructions of the court, and the amended answer was sufficient, for the allegation that the payment was intended by the testator in satisfaction of the legacy is necessarily an allegation that it was so intended by him at the time the gift was made; and the court, in its instruction, thus submitted the issue to the jury. The verdict of the jury, therefore, supplied this averment in the answer, and cured the omission, if material.

The executor himself and his surety in his bond were introduced as witnesses to prove the declarations of the testator as to the purpose of the gift of $1,000. It is insisted for the appellant that, being defendants in the action, they were testifying for themselves as to a verbal statement of the decedent, and that their testimony was incompetent, under section 606 of the Civil Code. We do not so understand the rule. The question before the court was whether the estate of the testator owed the plaintiff $1,000. The testimony of the executor and his surety was to the effect that the estate did not owe the money. It was the duty of the executor to protect the estate, and we know of no rule of law making him an incompetent witness for the estate as to a transaction of his own decedent with him. If the $1,000 was not going to the plaintiff, it belonged to the residuary devisee. The executor had no interest in the fund. The judgment in the case did not affect his liability in any way, as in either case he had to pay the money over to somebody. He was not, therefore, interested in the result at all, and was not testifying for himself. Neither was the surety, J. B. Owsley. The

Code of Practice was aimed to widen, not narrow, the admissibility of witnesses, and one of the purposes of the section was to protect the estate of decedents. To hold the executor incompetent in a case like this would be to defeat the purpose of the statute. For this is really a controversy between the devisees under the will as to which of them is entitled to the part of the estate in question, and the executor is only in effect the stakeholder between them. The cost of the action, if decided against the executor, would be paid out of the estate; and he has no interest in the controversy, except to procure the direction of the court in the execution of his trust.

The court also allowed George Bright, one of the residuary devisees, to testify as to a verbal statement of the testator to him. The testimony is objected to on the ground that, being one of the residuary devisees, and therefore entitled to the fund in contest, or a part of it, if not recovered by the plaintiff, he was testifying for himself, and that the evidence should not have been admitted, under section 606 of the Code. It has been held that, in a contest over a will, all the devisees are competent witnesses as to transactions with the deceased. Flood v. Pragoff, 79 Ky., 607, 3 R., 372; Williams' Ex'r v. Williams, 90 Ky., 28, 13 S. W., 250, 11 R., 828. Our first impression was that the same principle should be applied between devisees as to transactions with their testator, but on reconsideration we conclude that the statute does not permit this. It forbids one testifying for himself as to a verbal transaction with one who is dead. The residuary devisee was testifying here for himself, for, if appellant's claim was defeated, the fund would go to him and the other residuary devisees. Hopkins' Adm'r v. Faeber, 86 Ky., 223, 9 R., 530, 5 S. W., 749. Under the express mandate of the Code, he can not testify as to the transactions with the de-

cedent. Turner v. Mitchell, 22 R., 1784, 61 S. W., 468; Townsend v. Wilson, 24 R., 1276, 71 S. W., 440. For the same reason, appellant, Mrs. Swinebroad, can not testify to anything which took place between her and the testator. Her husband may testify to. any matter which she might testify to, as either one of them, but not both, may testify. Bright's Ex'rs v. Swinebroad, 21 R., 369, 51 S. W., 578. The husband, under the rule laid down in that case, can not, therefore, testify to any transaction between him and the testator. The court allowed him to testify as to the transaction proved by the witness John Bright, but, as John Bright was not interested in any way in the estate, it was improper to allow appellant's husband to testify as to a transaction between him and the testator in John Bright's presence, and the introduction of John Bright as a witness for appellee did not change the rule. We therefore conclude that the testimony of George Bright and appellant's husband, so far as they testified to transactions with the testator, should have been excluded.

The declarations of the testator, whether made before or after the notes were placed in the hands of the attorney, were properly admitted, as they were all made before the money was collected and the transaction closed up. They were so interwoven and so closely connected that they were competent to show the intention of the testator in the transaction which he then had in hand.

We have had some difficulty in determining whether there should be a new trial on account of the admission of the evidence of George Bright, under all the circumstances, and, in view of the fact that there have been heretofore two judgments in favor of appellees. But the testimony of George Bright, taken alone, was sufficient to warrant the verdict; and, as the jury is the sole judge of the credibility of the

witnesses, we can not say what effect on their verdict this testimony may have had. We conclude, therefore, a new trial must be granted. The former opinion (see Swinebroad v. Bright, 24 R., 2253, 73 S. W., 1031) has been withdrawn.

Judgment reversed, and cause remanded for a new trial and further proceedings consistent herewith.