# Knuckles et al. v. Howard.

(Decided Oct. 30, 1935.)

E. B. WILSON, JAMES H. JEFFRIES and CLEON K. CAL-VERT for appellants.

N. J. WELLER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

On January 9, 1933, Jacob Howard, a resident of Bell county, died, leaving a will appointing his son, Berry Howard, his sole executor. About two years later Grant F. Knuckles and Matilda Knuckles, infants suing by their father and next friend, John B. Knuckles, and others, brought this suit against Berry Howard, executor, and others for a settlement of Jacob Howard's estate. The cause was referred to the master commissioner of the Bell circuit court to hear proof and report on claims. Among the claims presented was a note for $1,000 signed by Jacob Howard and payable to the order of B. O. Howard, trustee. The claim was verified by B. O. Howard, but was disallowed by the commissioner. Thereafter the court heard proof and

allowed the claim as a preferred claim against the estate of Jacob Howard. From that judgment this appeal is prosecuted.

Appellee concedes that the note is not a preferred claim, so the only question for determination is whether it is a valid general claim against Jacob Howard's estate.

The circumstances attending the execution of the note are as follows: Mahala Withrow, a daughter of Jacob Howard, carried a $5,000 life policy in the Metropolitan Insurance Company, payable $1,000 each to her five children. About three weeks before her death she had the policy changed so as to make the entire $5,000 payable to B. O. Howard, with the understanding that he was to pay her debts and invest the remainder for her children. After paying her debts he loaned the balance of $1,000 to Jacob Howard and took therefor the note in question, payable to himself as trustee. It is clear that the evidence was sufficient to authorize the allowance of the claim as a general claim, unless there be merit in some of the contentions of appellant.

It is first insisted that the only method of attacking the findings of a commissioner is by exception, and no exception having been filed to his rejection of the claim the objection thereto was waived and the court was without authority to allow the claim. Although no exception was filed to the ruling of the commissioner, the record discloses that not only did appellee testify, but that R. E. France, a witness for appellants, also testified respecting the claim without any objection on the ground that no exception had been filed. In short, the parties, their counsel, and the court treated and tried the case as if an exception had been filed, and where that is the case it is too late to insist for the first time on apeal that no exception had been filed.

Another contention is that Berry O. Howard was not a competent witness as to transactions with Jacob Howard, who was dead at the time the evidence was given. We find no merit in the contention. The prohibition of the Code against one's testifying concerning verbal statements of, or transactions with, or acts done or omitted to be done by, a person who is dead when the testimony is offered to be given, applies only to a witness who testifies for himself, and not to a witness

who, like Berry Howard, has no pecuniary interest adverse to the estate of the deceased, and testifies only for the benefit of others. Section 606, subsec. 2, Civil Code of Practice, as amended by Acts 1932, c. 59, sec. 1; Doty's Adm'rs v. Doty's Guardian, 118 Ky. 204, 80 S. W. 803, 26 Ky. Law Rep. 63, 2 L. R. A. (N. S.) 713, 4 Ann. Cas. 1064; Hicks v. Oak's Adm'r, 233 Ky. 27, 24 S. W. (2d) 917.

Lastly it is insisted that there is a fatal variance between the pleading and proof of the claim in that the note was executed to Berry O. Howard, trustee, whereas he made and verified the claim in his individual capacity. As the evidence shows that the claim is a meritorious one, we do not regard the omission of the word "trustee" either from the claim itself, or from the affidavit by which it was verified, as fatal to its allowance.

From what has been said it follows that the claim in question is a valid general claim against the estate of Jacob Howard, deceased, but should not have been allowed as a preferred claim.

Judgment reversed, and cause remanded for proceedings not inconsistent with this opinion.