Fred **REITER** et al., Appellants,

v.

Elizabeth **HARDING** et al., Appellees.

Court of Appeals of Kentucky.

May 18, 1956.

Thacker & Sanders, Louisville, for appellants.

Bullitt, Dawson & Tarrant, Louisville, A. B. Kaelin, Nashville, Tenn., for appellees.

MILLIKEN, Chief Justice.

This is an appeal from a judgment of the Jefferson Circuit Court affirming an order of the Jefferson County Court admitting to probate the last will of George J. Reiter. The brother of the decedent and a child of a deceased brother are contesting the will because the date appearing in the first paragraph on the first page of the will is different from the date appearing in the last sentence of the will and the attestation clause on the second page. The contestees, Elizabeth Harding et al., are beneficiaries under the will.

The date appearing on the first page of the will is "21st day of November, 1951," and the last sentence of the will and attestation clause on the second page are dated "14th day of November, 1951," a week earlier. The contestants argue there is a presumption the first page was written on the date appearing on it and therefore the present first page must have been substituted for the original first page a week after the will was properly executed.

J. Matt Chilton, the elderly semiretired lawyer who wrote the will and signed it as one of the attesting witnesses, explained the conflict in dates as follows:

Mr. Reiter made an appointment with him, after a previous consultation concerning the will, to come back on November 21, 1951, and execute the instrument. Mr. Chilton wrote the will in the meantime and dated the first page November 21st. Instead of waiting until the appointed time, the testator came back on November 14th, a week earlier. The attestation and witnessing clauses were typed on the will at

that time and dated as of that date. The will was read aloud by Mr. Chilton in the presence of the testator and the other witness, Mr. Walter Jacobs. Apparently no one noticed the conflict in the dates. In the presence of the witnesses, the testator signed his name at the bottom of the first page of the will and also signed at the end of the will on the second page. Mr. Jacobs fixed the date of execution of the will as November 14, 1951.

■ The contestants argue that Mr. Chilton's testimony explaining the disparity in dates is incompetent to overcome the presumption on which they rely because he is an interested party within the meaning of KRS 421.210, which prohibits a person from testifying for himself concerning any transaction with a dead man. The will designates Mr. Chilton as one of the attorneys for the named corporate executor-trustee. We do not believe this section of our statutes renders Mr. Chilton's testimony incompetent. It is well established law that an executor is not bound by a provision of a will specifying that a certain attorney be employed to act for the executor because the executor's duties are of a fiduciary nature and he consequently is entitled to choose his own help in discharging his duties. Page on Wills, Vol. 1, Section 49. Also, Mr. Chilton would be entitled to a reasonable fee for his services in these proceedings even though this will were not admitted to probate. Kentucky Probate Practice and Procedure, by Russell and Merritt, Vol. 2, Section 972 (1955). Moreover, we have held that an executor as such is not an interested party within the meaning of KRS 421.210. Swinebroad v. Bright, 116 Ky. 514, 76 S.W. 365, 25 Ky.Law Rep. 742; Knuckles v. Howard, 261 Ky. 89, 87 S.W.2d 106. If the executor is not an interested party within the meaning of this statute, certainly the attorney acting for the executor is not.

■ We believe Mr. Chilton's testimony, being competent, sufficiently explained the disparity in dates to justify admitting the will to probate.

The judgment is affirmed.