**Byron COOK et al., Appellants,**

v.

**William BROWN, Administrator with Will Annexed of the Estate of Mattie Bates, Deceased, et al., Appellees.**

Court of Appeals of Kentucky.

May 27, 1960.

Rehearing Denied June 23, 1961.

Marvin J. Sternberg, George Ryan, Louisville, for appellants.

Allen Schmitt, Louisville, for appellees.

BIRD, Judge.

This is an appeal from a judgment directing that a lost will be probated.

The record and the briefs are quite lengthy. However, careful scrutiny reveals only one question to be resolved. The proponents must meet the burden of proving the continued recognition of an unrevoked will. Gibbs v. Terry, Ky., 281 S.W.2d 712. Did the proponents meet that burden?

The trial court, over contestants' objection, permitted the attorney for the administrator with the will annexed to testify. His testimony was sufficient to meet the burden of proof. However, contestants insist that the attorney has such monetary interest in the estate as to make him an incompetent witness. They cite KRS 421.210 as the basic authority for their contention. We do not agree. It is provided in KRS 394.200 that executors may testify either for or against a will and in Reiter v. Harding, Ky., 290 S.W.2d 829, 830, we said:

"* * * Moreover, we have held that an executor as such is not an interested party within the meaning of KRS 421.210. Swincbroad v. Bright, 116 Ky. 514, 76 S.W. 365, 25 Ky.Law Rep. 742; Knuckles v. Howard, 261 Ky. 89, 87 S.W.2d 106. If the executor is not an interested party within the meaning of this statute, certainly the

attorney acting for the executor is not."

Obviously the same rules apply to an administrator with the will annexed and his attorney.

We find no error. The judgment is therefore affirmed.