**Wendell C. RONE, Sr., Individually and as Executor of the Estate of Alice C. Harris, Deceased, et al., Movants,**

v.

**Donald A. BLANKENSHIP, Executor of the Estate of Glynn A. Blankenship, Deceased, et al., Respondents.**

Supreme Court of Kentucky.

July 3, 1985.

Sam Boyd Neely, Sr., James B. Brien, Jr., Neely & Brien, Mayfield, for movants.

Malcolm R. Boaz, Mayfield, Samuel S. Boaz, Paducah, for respondents.

LEIBSON, Justice.

Alice C. Harris, a resident of Graves County, Kentucky, died on November 4, 1981. She left an estate worth more than $800,000. Her only heirs at law were two nieces and two nephews. On November 20, 1981, one of the nephews, Glynn Blankenship, filed an affidavit that Ms. Harris died intestate and the court appointed him administrator of her estate.

Later, on November 25, 1981, Wendell C. Rone, Sr., filed a photocopy of a December 11, 1975 will by Ms. Harris for probate in the Graves District Court. Mr. Rone was executor under that will and Ms. Harris had given him the photocopy of the document. He maintained that the original will had apparently been lost, and that is why this copy was offered for probate.

The will offered for probate directed that each of Ms. Harris' three foster children receive $5,000. The residuary of her estate would be divided as follows: 50% to the Mid-Continent Baptist Bible College, 25% to the Holy Land Christian Mission in Palestine, and 25% to be equally divided between the Lexington Baptist College and the American Bible Society.

The Graves District Court entered an order admitting the photocopy of the will to probate on February 5, 1982. Thereafter, the nieces and nephews filed suit in the Graves Circuit Court to have the order of the District Court set aside. The family claimed that the decedent, Ms. Harris, revoked the will by mutilation or destruction and/or the original will had been the product of undue influence by Mr. Rone against Ms. Harris.

A jury trial was held and a verdict returned determining that the will of December 11, 1975, was in full force at the time of Ms. Harris' death.

■ The judgment was appealed to the Kentucky Court of Appeals where the court reversed and remanded the case to the circuit court for a new trial. The Court of Appeals held that it was improper for the executor, Mr. Rone, to testify about his conversations with the deceased regarding the will because of the Dead Man Statute, KRS 421.210(2). The court said that Rone had a pecuniary interest in the outcome because he stood to receive a fee for the administration of the estate. KRS 394.-200(2), which grants executors the opportunity to testify for or against a will, was held not applicable to the circumstances of this case. The Court of Appeals decided that KRS 394.200(2) presupposes the existence of an executed document which need only to be admitted to probate. We reverse. There is no such limiting language in the statute as written.

■ The issue is whether an executor may testify in a lost will case regarding conversations and contacts with the decedent about the will. We must determine if this testimony is proper under KRS 394.-200, or whether it is precluded by the Dead Man Statute, KRS 421.210(2).

KRS 394.200 is entitled "Creditors and executors are competent to testify." The statute states:

"(1) If a will charging any estate with debts is attested by a creditor, or the wife or husband of a creditor, whose debt is so charged, the creditor shall be a competent witness for or against the will.

(2) No person shall, on account of his being an executor of a will, be incompetent as a witness for or against the will."

There is no ambiguity in this expression of the intent of the legislature.

"When no ambiguity exists a statute is to be interpreted according to the intent

of the authors which intent is gleaned from what the authors actually said, not what they may have intended to say but did not say." *Clark v. Clark*, Ky.App., 601 S.W.2d 614, 615 (1980).

The statute says the executor is competent to testify and so it was proper for Mr. Rone to so testify in this case.

The Dead Man Statute, KRS 421.210(2), does not apply to the testimony clearly allowed by KRS 394.200. This holding is consistent with our previous decision in a lost will case, *Cook v. Brown*, Ky., 346 S.W.2d 725 (1960). There we held the executor's attorney was competent to testify in proving a lost will. In *Cook*, quoting from *Reiter v. Harding*, Ky., 290 S.W.2d 829 (1956), we said:

> " '(W)e have held that an executor as such is not an interested party within the meaning of KRS 421.210.' "

... (T)he same rules apply to an administrator with the will annexed and his attorney." *Cook, supra* at 725–726.

For the reasons stated above, the decision of the Kentucky Court of Appeals is reversed and the judgment of the Graves Circuit Court is reinstated.

STEPHENS, C.J., and AKER, GANT, LEIBSON and WINTERSHEIMER, JJ., concur.

STEPHENSON, J., dissents.