JUDGE LINDSAY
delivered the opinion op the court.
Vanarsdale’s claim for compensation for the improvements made on the land occupied by him, and which was devised to his' children, is based upon a contract alleged to have been made before he moved to the land, and while he was a resident of Oldham County. He claims that he was induced to change his residence and to make the improvements by the promise of Booth to secure to him by last will and testament a life-estate in this land.
The paper prepared by Foree, and which is proved to have been in the hands of Vanarsdale in 1867, was admissible as evidence conducing to disprove the contract alleged to have been made in 1866, and before he removed from Oldham County. It was also admissible to show that Vanarsdale had notice in 1867 that Booth did not intend to secure him a life-estate in the land, and that he had made and published a last will and testament, devising it to Vanarsdale’s children. What importance the jury might have attached to this evidence, if admitted, this court can not know; but the paper was competent for the purposes mentioned, and the court below erred in refusing to permit it to be read to the jury.
'Upon the hypothesis that appellee occupied the land and made the improvements under the contract set up in his answer and cross-petition, he is not liable for rents up to the time of Booth’s death, neither is he entitled to recover the actual cost of the improvements. The measure of his recovery is the value of the ameliorations to the lands at the time the *719 death of Booth terminated the oral contract under which they were held.
Inasmuch as the judgment must be reversed for the reasons stated, the interests of the parties require that this court shall pass upon the competency of Booth’s widow and sons-in-law as witnesses for the executor.
The first section of the act of January 30, 1872, entitled “An act to amend the laws of evidence in this commonwealth,” declares in general terms that “ no person shall be disqualified as a witness in any civil action or special, proceeding by reason of his interest in the event of the same as a party or otherwise.” Subsequent sections qualify this general declaration, and the question here is whether these witnesses come within either of the qualifications. It is a difficult matter to determine the exact meaning of section 3. We conclude, however, upon a careful examination, that the legislature meant to say that a married woman shall in no state of case be competent as a witness for or against her husband; and that when the wife is the real party in interest the husband shall not be called to testify against her interest, and shall not be allowed to testify in her behalf in case she chooses to offer herself as a witness, but that she may elect which one of them shall testify. It follows therefore that Tucker and Colgrove are not incompetent on account of the interest of their wives in the matter in litigation; nor are they disqualified by section 4.
The effect of that section is to disqualify Vanarsdale, because he is litigating with an executor; but it recognizes the right of parties adversely interested to be sworn as witnesses by providing in subsection 3 tha,t where such parties are called, and speak of transactions or conversations with a litigant occupying the position of Vanarsdale, he shall.be allowed to. give his testimony as to such “specific transactions and conversations.”
Section 2 of the act does not apply to a case like this. It *720 provides that nothing contained in the first section shall in any manner affect existing laws relating to the settlement of estates of deceased persons, etc. Although the estate of Booth can not be settled until this action is finally determined, still it can not be said to relate to the settlement of that estate. Section 2, in our opinion, was intended to prevent persons holding claims against the estate of a decedent from collecting them upon their own affidavit, made pursuant to the provisions of sections 35 and 36, article 2, chapter 37, Revised Statutes, without the additional proof required by law when the act of January 30, 1872, took effect. By the settlement of the estates of deceased persons is meant the settlement of the personal representative with the county court, or with the master or a special commissioner, in cases in which courts of equity may be called upon to take charge of and distribute the estate; and even in the state of case last mentioned, where after the report of the master the personal representative makes an issue of fact as to any claim that he may have allowed, or the creditor as- to one that may have been rejected, as the proceedings in the collateral litigation thereby brought about must be conducted according to the rules of civil procedure, so must the general laws regulating the competency of witnesses be allowed to control. Such collateral litigation, like the action now under consideration, is a suit to settle a controversy between a personal representative and a debtor or creditor of the decedent, and not a suit to settle the decedent’s estate.
This court can not by construction attempt to guard against evils that may result from the enactment of the law in question. We must gather the intention of the legislature from the language of the act, when that language, as in the first and second sections, is clear and unambiguous; and having ascertained that intention, must allow it to control our action. It does not appear that Mrs. Booth has any interest, certain or *721 contingent, in the result of this litigation; and, subject to the rule recognized in the case of English’s adm’r v. Cropper (8 Bush, 292), she is a competent witness.
Judgment reversed, and cause remanded for further proceedings consistent with this opinion.