## Bennett v. Miller, et al.

(Decided May 20, 1914.)

### Appeal from McCracken Circuit Court.

1. Husband and Wife—Note Executed to the Wife for Money Furnished Obligors by the Husband—When Not Collectible at Suit of Wife.—Where one sued for malicious prosecution employed a firm of attorneys to defend him therein and advanced them $250.00 of the fee they would receive, in money belonging to him but held for him by his wife, which she by his direction paid to the attorneys; and the latter executed to the wife a note for the

$250.00 under an agreement with the wife and husband that the note would be cancelled or surrendered to the attorneys at the termination of the action they were employed to defend for the husband; in a suit thereafter brought upon the note by the wife against the attorneys, the circuit court properly refused her a recovery, it being shown by the evidence that the attorneys had fully rendered for the husband in the action for malicious prosecution the professional services they contracted to perform.

2.    Husband and Wife—Death of Husband Before Suit on the Note by Wife—Did Not Render Incompetent Testimony of the Attornys as to the Agreement Under Which the Note Was Executed.— Notwithstanding the death of the husband, the attorneys were competent to testify as to the agreement under which the note was executed, and also as to the subsequent transactions related by them, because: first, the wife was present and a party with her husband to the agreement, and was also a party to the subsequent transactions with respect to which the attorneys were permitted to testify; second, the wife, though not holding the burden of proof, first testified herself as to the agreement and subsequent transactions.    On either of these grounds the testimony of the attorneys and each of them was admissible.

DAVID BROWNING for appellant.

MILLER & MILLER for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

April 15, 1911, the appellant, Mrs. Oda Bennett, filed suit against the appellees, John G. Miller, Sr., and John G. Miller, Jr., in the McCracken circuit court on a note of $250.00, of date May 1, 1909, executed by them to her and due eight months after date, bearing interest from date. Appellees, by joint and separate answer, made a counter-claim and setoff, admitted the execution of the note, but denied that it was the property of the appellant, Oda Bennett, and alleged that it belonged to the estate of her deceased husband, H. B. Bennett; and further that about the time of the execution of the note appellant and her husband, H. B. Bennett, then residents of Illinois, employed appellees, who were and are practicing law as partners under the firm name of Miller & Miller, to defend him in an action of malicious prosecution, for $50,000.00 damages, brought against him and certain lawyers in the Lyon circuit court by N. W. Utley, which grew out of a previous suit brought by H. B. Bennett, through the lawyers referred to, against Utley and others charged by him with assaulting and beating him and destroying his property in Lyon county during a

reign of lawlessness inaugurated by persons known as Night Riders, the latter suit having been dismissed as to Utley; that at the time of appellees' employment by appellant and her husband for the purpose stated it was not known to the latter or to appellees how long the litigation in which appellees were to represent them would continue, or precisely what services would have to be performed by appellees, but that it was then agreed between them, appellant and her husband, that for their services appellees should be reasonably compensated, and in any event that their fee would not be less than $250.00 nor more than $500.00, and thereupon appellant's husband, in her presence and with her consent, agreed to pay appellees $250.00 of their fee in advance, but in paying them this sum required that they execute to his wife, the appellant Oda Bennett, the note of $250.00 sued on, and appellees then received the $250.00 and executed the note with the understanding and agreement between themselves, appellant and her husband that upon the termination of the action in which they were employed a settlement would be made between the parties, the note surrendered to appellees, and the further amount, not exceeding $250.00, due them for their entire services, would then be paid.

It was further alleged in the answer, counter-claim and setoff that at the time of receiving the $250.00 for which the note in question was executed the appellant and her husband, Henry B. Bennett, were doing business and employing lawyers jointly; that the latter was insolvent, having conveyed or otherwise put all his money and other property into the hands of his wife for that purpose and to defraud his creditors, and that she took, held and used the same for the purposes mentioned and after his death continued to hold it; that pursuant to the contract of employment thus made with the appellant and her husband, appellees rendered, as attorneys for the latter in the action brought against him and others by Utley, the services thereby required of them and all that were necessary to the successful defense of H. B. Bennett in the action and its dismissal as to him, which services were reasonably worth $500.00. By the prayer of their answer, counter-claim and setoff appellees asked judgment against appellant for a fee of $500.00 and their costs, to be credited by the amount of the note sued on.

All affirmative matter of the answer, counter-claim and setoff was controverted by appellant's reply, and the cause, on appellees' motion, was transferred to the equity docket. Thereafter appellees filed an amended answer, counter-claim and setoff in which it was alleged that the appellant had, following the death of her husband in Illinois, the State of his residence, received as a distributee of his estate $3,500.00 to $4,000.00, in money and personal property in excess of what the laws of that State entitled her to take as widow, for which excess she had never accounted. The averments of this amendment are neither denied by reply nor controverted of record.

By the judgment rendered the circuit court held that the note of $250.00 sued on was executed by appellees under an agreement made with them by appellant and her husband, H. B. Bennett, that it would be paid in legal services to be rendered by appellees as attorneys in defending for the latter the action instituted against him and others in the Lyon circuit court by N. W. Utley; and that it was so paid, appellees' services as such attorneys in H. B. Bennett's behalf in that case being reasonably worth as much as the amount of the note; hence appellant's petition was dismissed at her cost. She complains of the judgment and by this appeal seeks its reversal.

Her first complaint is as to the admission of the testimony of the appellees in respect to transactions between them and H. B. Bennett, deceased, including the alleged agreement made with him when the note sued on was executed, that it was to be paid in legal services rendered for H. B. Bennett by appellees in the suit of Utley v. Bennett and others in the Lyon circuit court; it being contended that because of the death of H. B. Bennett, section 606, subsection 2, Civil Code, rendered appellees' testimony as to the transactions with him incompetent. This contention overlooks two important facts appearing in the record; first, that appellant as well as H. B. Bennett was present and a party to the transactions with respect to which appellees were permitted to testify; second, that appellant, though not holding the burden of proof, first testified herself as to the same transactions, in view of which section 606, subsection 2, Civil Code, presented no obstacle to the admission of the evidence in question; therefore its admission by the trial court was not error. McHarry v. Irvine, 85 Ky.,

322; Schmitt Holtman Co. v. Sweeney, 136 Ky., 773; Keune v. Keune, 24 R., 787; Carpenter v. Rice, 25 R., 1704.

In our opinion the first ground of defense set up by appellees' answer, counter-claim and setoff, namely, that though the note sued on was made payable to the appellant, the money obtained from her by its execution belonged to the husband, and that the note was executed under an agreement between appellees, appellant and her husband, H. B. Bennett, that it was to be paid in services rendered by the former as attorneys for her husband in the Utley suit, is supported by the weight of the evidence. It is manifest from the evidence that the legal services appellees contracted to render H. B. Bennett in satisfaction of the note extended through an entire year and were so faithfully performed as to cause a dismissal of the action as to him. The services in question were rendered in the Lyon circuit court and in the United States district court for the Western district of Kentucky. As the nature of these services is fully set forth in an agreed statement of facts appearing in the record, further comment upon them is unnecessary. It is equally apparent from the evidence that the services rendered by appellees exceeded in value the amount of the note executed by them to appellant. This was shown not only by the testimony of appellees themselves, but also by that of James Campbell, Charles K. Wheeler and W. F. Bradshaw, Jr., attorneys at law, who fixed the value thereof at from $500.00 to $1,000.00; but as the judgment of the circuit court limited the value of appellees' services to the amount of the principal and interest due upon the note at the time the judgment was rendered, and appellees have not prosecuted a cross-appeal, we are not required to determine whether, upon their counter-claim, they should have recovered for their services an amount in excess of that due upon the note.

If, as the weight of the evidence conduced to prove, H. B. Bennett had placed in appellant's hands the money received of her by appellees when the note was executed, to be used in employing and paying them for the services they were to render as his attorneys in the Utley suit, and the note was by H. B. Bennett's direction made payable to her with the understanding that it would be paid by their services in that case, and it was so paid, it follows that the circuit court did not err in

rendering the judgment complained of by appellant; for, as according to the evidence, appellant was a party to this arrangement and a participant in carrying out the transaction, she was estopped to recover anything upon the note.

We think it apparent, too, from the evidence as a whole that appellant, at the time of the execution of the note to her by appellees, had in her possession not only the amount then received of her by them, but a much larger sum and all the money of which H. B. Bennett was the owner, that had been placed by him in her hands to prevent the collection of a judgment that he feared Utley would recover against him in the action for damages brought by the latter. Such being the situation, it serves to explain why the employment of appellees to defend him in the Utley case was made by the arrangement testified to by the latter and evidenced by the execution of the note.

In addition to the reasons already given for not disturbing the judgment of the circuit court, it can properly be sustained upon yet another ground. If, as claimed by appellant, the note sued on in this case was not executed under the agreement set up by the answer, counter-claim and setoff of the appellees, but was her property and executed for money of her own loaned appellees, as her husband became indebted to appellees for legal services rendered in defending the action brought against him and others by Utley, and, as was alleged in appellees' amended answer, counter-claim and setoff, and not denied by appellant, all the estate owned by the husband at the time of his death was situated in Illinois, and following his death the whole of it was received by appellant, and it amounted to $3,500.00 or $4,000.00 in excess of what the laws of that State entitled her to take as widow, and this excess she yet holds, she might by the judgment have been made to account therefor to appellees as creditors of the husband's estate for the value and to the amount of the legal services they rendered for him in the Utley case; this equity and right of action therefor being asserted by way of counter-claim and setoff as allowed by section 434, Civil Code, which provides:

"Legatees and distributees shall be liable to a direct action by a creditor to the extent of estate received by each of them, notwithstanding the failure of the cred-

itor to appear and the discharge of the personal representative as prescribed in the preceding section; and that liability shall continue during the same period that the liability of the personal representative would have continued but for said discharge." Sec. 2084, Kentucky Statutes; Rubel v. Bushnell, 91 Ky., 251.

Here it is shown that there has been no appointment in Kentucky of an administrator of the H. B. Bennett estate; that there is no property in Illinois or elsewhere belonging to the estate of the decedent, except the personal estate left by him which went into appellant's hands and is yet held by her.

The record presents no ground for disturbing the judgment, wherefore it is affirmed.