## Mackey v. Mackey's Administrator.

(Decided May 10, 1916.)

### Appeal from Clinton Circuit Court.

Husband and Wife—Witnesses—Competency.—In an action wherein the husband, though not a party to the suit, is directly interested in the result thereof as one of the beneficiaries of the fund in litigation, either he or his wife may testify, but not both.

E. BERTRAM for appellant.

S. G. SMITH and JAMES GARNETT for appellee.

OPINION OF THE COURT BY JUDGE TURNER.—Reversing.

John S. Mackey died intestate in July, 1914, a resident of Clinton county.

He was an old man past eighty years of age and left a widow but no children, his nearest relatives and heirs at law being some surviving brothers and nieces and nephews.

At the time of his death he owned two farms and a one-half undivided interest in another, and had always been a frugal, economical and money making man. He

never kept any bank account but, as shown by the evidence, always kept his money either about the house or on his person. After his death appellee Huddleston qualified as his administrator and the appellant, M. Mackey, the widow, turned over to him $430.00 in cash, which she claimed was all the cash she had belonging to the estate of her deceased husband.

The administrator and heirs at law, however, having reason to suspect that she had a much larger sum in cash belonging to the decedent's estate, this action was instituted by the administrator wherein it is sought to recover from her $4,000.00 alleged to have been withheld by her and which he claims belonged to the estate of the decedent.

In her answer she denied having any such money or that the decedent at the time of his death had any money other than that paid over by her to the administrator.

On the trial the only issue was as above stated, and the jury returned a verdict against the defendant for $2,500.00, on which judgment was entered and this appeal results.

The only two grounds for reversal are that the verdict is flagrantly against the evidence, and that the court erred to the prejudice of the appellant in permitting the wife of one of the decedent's nephews to testify after her husband had previously testified, her husband at the time being one of the heirs at law and directly interested in the result of this litigation.

As the judgment must be reversed on the last ground stated, and as there will be another trial of this case, we will not go into the details of the evidence or discuss its effect except in so far as it may be necessary to consider the last named ground.

W. L. Sawyers is a nephew of the decedent and as such one of the heirs at law and directly interested in any recovery that may be had in this action; he and the decedent owned jointly during the life of the latter a farm and had a good many business transactions. He testified that a few years before the death of John S. Mackey the latter was at his home with his wife and that they were considering the purchase of another farm, and that at the time John S. Mackey had $3,100.00 in cash; that for some reason they did not purchase the farm and that between that time and his death John S. Mackey never made any investment or deal of any magnitude. The in-

ference, of course, from this evidence was that Mackey being a man of frugal habits and economical disposition had never disposed of this money and had it at the time of his death.

After this evidence had been given by W. L. Sawyers his wife was introduced by the plaintiff, and over the objection of the defendant was permitted to testify that she also was present at their home when the $3,100.00 was counted out and heard John S. Mackey say that he had enough money to pay for the farm which they thought of buying, and which had been priced at $3,000.00 or $3,100.00.

Mrs. Sawyers, and her husband each testified that the appellant was present upon this occasion, and the latter in her testimony denied that any such thing had taken place.

While the husband was not a party to this action as heir at law of Mackey he was directly interested in the result of the litigation and one of the beneficiaries of the fund which was the subject of the litigation, and any recovery by the administrator was of necessity partially for his benefit.

Section 606 of the Civil Code in so far as it applies to this case is as follows:

"Neither a husband nor his wife shall testify while the marriage exists or afterwards concerning any communication between them during marriage. Nor shall either of them testify against the other, nor shall either of them testify for the other except in an action for lost baggage or its value against a common carrier, an innkeeper or a wrongdoer, and in such action either or both of them may testify; and, except in actions which might have been brought by or against the wife, if she had been unmarried, and in such action either, but not both, of them may testify."

Under this section it has been held that when either the husband or the wife is the beneficiary of the fund in litigation that one but not both of them may testify, and in such case the beneficiary may elect either to testify him or her self, or to introduce the other as a witness. Wise v. Foote, 81 Ky. 10; Booth v. Vanarsdell, 9 Bush 717; L. & N. R. R. Co. v. Hall, 143 Ky. 497.

Under the provisions of the Code quoted above the husband and wife were not both competent witnesses to testify, and as the issues were presented in this case

it was prejudicial error to permit the wife to testify after the husband had testified.

For the reason given the judgment is reversed with directions to grant the appellant a new trial and for further proceedings consistent herewith.