## Hounshell, et al. v. Hounshell, et al.

(Decided February 24, 1928.)

### Appeal from Breathitt Circuit Court.

Infants.—Infant defendants under 14 years of age in suits to establish title to land could not be sued as though they were adults,

but provisions of Civil Code of Practice, secs. 35-38, relating to persons under disability, must be complied with.

W. L. KASH for appellants.

E. C. HYDEN for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

In the judgment appealed from, the trial court ignored a deed that had been made by Granville Hounshell to his wife, Lizzie Hounshell, and three of their children, and adjudged the title to a portion of that land to be in Samuel Hounshell, and adjudged the title to another portion thereof to be in Clara Hounshell and Leonard Hounshell. Granville Hounshell died on June 12, 1924. His first wife, Martha Spencer Hounshell who died on February 28, 1909, had borne him 10 children. Granville Hounshell remarried on August 25, 1910. When he died, he left a widow, the appellant, Lizzie Hounshell, and four children born of her, to wit, Joanna or Sallie Hounshell, who was born in 1913; G. H. Hounshell, Jr., who was born in 1919; Zelma Hounshell, who was born in 1920; and Kenneth Hounshell, who was born in November, 1924, after the death of his father.

On June 12, 1923, Granville Hounshell conveyed to Lizzie Hounshell for life, and after her death, to her three children, who were then living, for their lives, and then to their children, all of his real estate.

On January 23, 1925, Samuel Hounshell, a son of the first wife, sued Lizzie Hounshell and her children named in this deed to establish his title to certain land embraced in this deed, but which he claimed his father had conveyed to him on February 15, 1908. On April 12, 1926, the children of Floyd Hounshell sued Lizzie Hounshell and her children to establish their title as children of Floyd Hounshell, to another portion of this land, which they alleged had been conveyed to their father by Granville Hounshell on February 15, 1908. The two cases were consolidated, and the plaintiffs were successful in both actions. At the time these suits were filed all these infant defendants were less than 14 years of age, yet they were sued just as though they were adults. The clerk certifies the entire record is before us, yet there is nothing to show any service of process on any of the defendants, that any guardian ad litem was ever appointed for the in-

fants, or any notice given any guardian ad litem of the taking of depositions. The infancy of these defendants seems to have been entirely ignored throughout the litigation, and that was erroneous. Plaintiffs should observe the Civil Code, particularly sections 35 to 38, inclusive, and section 606, and what we said in the case of Combs v. Roark, 221 Ky. 679, 299 S. W. 576, and Id., 206 Ky. 454, 267 S. W. 210. All other questions are reserved.

The judgment is reversed.