## Crawford v. Crawford, et ux.

(Decided May 15, 1928.)

## Appeal from Perry Circuit Court.

1. Bills and Notes.—A note, mortgage, or other paper must not be lightly set aside by evidence which merely raises a suspicion that it may not be genuine, but the evidence for such purpose must be clear and convincing.

2. Acknowledgment.—In suit on note and to foreclose mortgage parol evidence could not, under Ky. Stats., sec. 3760, be introduced to impeach validity of acknowledging officer's signature, where the sole plea of the defendants was non est factum, without there being any attack in the pleadings on the certificate of officer taking acknowledgment, and there being no allegation of fraud on plaintiff's part.

3. Acknowledgment.—In suit on a note and mortgage, burden was not on plaintiff to prove that the one who signed the certificate relative to mortgage acknowledgment was in fact an officer, when that fact was not denied by any pleading.

MOORE & SMITH and W. H. MILLER for appellant.

FAULKNER, STANFILL & FAULKNER for appellees.

Opinion of the Court by Judge Logan—Reversing.

The appellant, Elhannon Crawford, by petition in equity, sought to recover of appellees, L. D. Crawford and his wife, Dulcenia Crawford, judgment for $500 on a note alleged to have been executed by them to appellant on February 11, 1911, with interest from date. He further alleged that the note was secured by a mortgage of even date therewith executed, acknowledged and delivered by the appellees, and he sought an enforcement of the mortgage lien. A copy of the mortgage is filed as an exhibit with the petition. The signatures to both the note and mortgage are by mark, and the signatures to the mortgage are witnessed by Dan Crawford. There appears to be no witness to the signatures on the note.

Appellees interposed a plea of non est factum to both the mortgage and the note. They denied that they signed the note, or that they either signed, acknowledged, or delivered the mortgage.

Proof was taken, and, while the testimony of appellant is not as direct and certain as it might have been, yet he is a very old man, and the transaction had taken place many years before. He did not claim that he saw appellees execute either the note or the mortgage, but he stated that he let the appellee L. D. Crawford have $500 on the note, and that no part of it had ever been repaid. He was indefinite as to where he had kept the note and the mortgage. The mortgage was not placed on record until 1924.

S. C. Cornett, deputy county court clerk of Perry county under J. D. Davis, clerk, is shown by the certificate to the mortgage as the officer taking the acknowledgment. He testified that the parties signed the mortgage, and that he took their acknowledgment, but his testimony clearly showed that this statement was based wholly upon the fact that his signature appeared to the certificate, and that the name of at least one of the parties who had signed the mortgage was in his handwriting. He frankly stated that he had no independent recollection of the transaction.

The appellees both testified that they signed neither the note nor the mortgage, and that they did not acknowledge the mortgage. They offered as a reason to support their denial that the appellee L. D. Crawford had money in bank at the time of the execution of the mortgage, and that there was no reason for his borrowing $500. Dan

Crawford, a son of appellees, who appears to have been a witness to the signatures of his parents, testified that he did not witness the signatures and that his name written on the mortgage and appearing as a witness to the signatures thereto was not in his handwriting. He is not at all convincing in his testimony that he knows positively that his statements are true. He modified his answers more than once by saying that he did not remember having witnessed the signatures.

The chancellor upheld the plea of non est factum, and dismissed the petition. The correctness of his judgment is called in question. On the side of appellant, there is the fact that he has a note and mortgage signed by appellees. He testified that he loaned appellee L. D. Crawford $500, and that no part of it has been repaid to him. There is the certificate on the mortgage presumably made by an officer of the law who had authority to take the acknowledgment, and this officer testified that the written portions of the acknowledgment were in his handwriting, and that he actually took the acknowledgment. These facts make a rather strong case for appellant. On the other hand, both of the appellees are positive in their statements that they did not execute either the note or the mortgage. They rely solely on their plea that the signatures on these papers are not theirs.

A note, mortgage, or other paper must not be lightly set aside by evidence which merely raises a suspicion that it may not be genuine. It has always been the rule that the evidence must be clear and convincing. L. D. Crawford and E. L. Crawford are brothers. No reason is shown why E. L. Crawford should be in possession of these papers if they are not genuine. On the other hand, there is no reason shown why L. D. Crawford and his wife should deny the genuineness of the signatures and impute to their brother the crime of forgery if in fact their signatures are genuine.

It is urged by counsel for appellant that parol evidence could not be introduced to impeach the validity of the note and mortgage. As stated above, appellees rely solely on the plea of non est factum to defeat a recovery on the note and mortgage. Section 3760, Ky. Stats., does not allow the certificate of an officer to be called in question except upon the allegation of fraud in the party benefited thereby or mistake on the part of the officer, except in a direct proceeding against the officer or his sureties. There was no attack in the pleadings on the certificate

of the officer attached to the mortgage showing that appellees acknowledged it. There is no allegation of fraud on the part of appellant, and there is no allegation of mistake on the part of the officer, and this is not a direct proceeding. against the officer or his sureties. It would seem, therefore, that counsel for appellant are right in their contention that the validity of this mortgage could not be attacked without attacking the certificate of the officer in one or more of the ways in which it might be attacked under the statute. They say the question has been settled in the case of Byers v. First State Bank of Middlesboro, 159 Ky. 135, 166 S. W. 790. Their contention will have to be sustained on this point. That case is directly in point, and the court there held that the verity of the certificate to the mortgage could not be impeached unless there was an attack on its validity such as is allowed by the provisions of section 3760, Ky. Stats. But counsel for appellees say that the contention should not be sustained, because there is nothing in the record to show that D. C. Cornett, whose name appears to the certificate as a deputy clerk, was in fact such an officer. His name appears on the certificate as an officer, and the mortgage was later recorded in the office of the county court clerk. If he was not an officer, his certificate could be attacked for that reason, but the burden is not on the appellant in this case to show that the man who signed the certificate as an officer was in fact an officer when that fact is not denied by any pleading.

Judgment is reversed, and cause remanded for proceedings consistent with this opinion.