## Continental Jewelry Company v. Blair.

(Decided March 10, 1931.)

KIRK & WELLS for appellant.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

The Continental Jewelry Company instituted an action in the Johnson circuit court, seeking to recover of Burns Blair the sum of $230, alleged to be the balance due for jewelry which Blair had purchased from it. This jewelry had been sold to Blair by a salesman for the jewelry company, Blair signing an order for the jewelry. The aggregate amount of the order as shown by the petition was $276, but it was alleged that Blair had paid $46, which had been credited on the account, leaving the balance sued for.

By answer Blair admitted that he did sign the order for the jewelry on consignment, but at the time he did so the salesman promised and agreed that, if within sixty days he became dissatisfied, he might notify the company, pay for what he had sold, and the jewelry would be taken back and he would be not further obligated.

During the pendency Burns Blair died and Mrs. Nellie Blair, his widow, qualified as his administratrix, and by agreement this action was revived against Mrs. Nellie Blair, as such administratrix, and against the heirs at law of Burns Blair, deceased.

On a trial the jury found for the appellee, and the jewelry company is here on motion for appeal, insisting that the court erred in not peremptorily instructing the jury to find for it.

The trial judge held that the burden of proof was upon the appellee, and Mrs. Nellie Blair, the administratrix, was the only witness to testify for the appellee. It is urged by counsel for the jewelry company that she was not a competent witness, and that appellant in the court below having objected to her testifying, and, at the close of her evidence, having moved the court to exclude

all her evidence in regard to any conversation between Burns Blair and the agent of the jewelry company, same should have been excluded, and appellant's motion for a peremptory instruction in its favor should have been sustained.

Mrs. Blair was not a competent witness in this case under the provision of section 606, Carroll's Civil Code of Practice, because, at the time of the transactions about which she was testifying she was the wife of Burns Blair, and at the time she testified she, as his widow had pecuniary interest in his estate. Combs v. Roark, Adm'r, 206 Ky. 454, 267 S. W. 210; North American Insurance Co. v. Caskey's Adm'r, 218 Ky. 750, 292 S. W. 297.

The motion for appeal is sustained, the judgment reversed, and the cause remanded to the lower court for a new trial and for further proceedings consistent with this opinion.