## Dills et al. v. Scroggins' Ex'x et al.

(Decided Nov. 28, 1933.)

(As Extended Dec. 12, 1933.)

WEBB & HOGAN and L. M. ACKMAN for appellants.

C. C. ADAMS for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

G. W. Scroggins and Louise Scroggins were married in 1905. It appears that before their marriage they had a verbal contract relative to their property rights, and after their marriage the agreement was reduced to writing, wherein it was stated and agreed be-

tween the parties that each renounce all control and management of or over the estate of the other as if neither had never been married and be free from claim or claims of each other.

By a later writing in October, 1918, they entered into a second contract whereby the first contract was relinquished and set aside in toto, and the latter contract was to take the place of the former one. The pertinent part of the latter contract reads:

"Be it now agreed and understood by and between the parties of this contract that each is to have all the property rights in and to all the property of the other as is provided by the statute laws of the State of Kentucky except that should the said Louise Scroggins survive the said G. W. Scroggins then and in that event she is to have a child's share absolutely of the estate of the said G. W. Scroggins, that is to say, that at the death of the said G. W. Scroggins, should the said Louise Scroggins then survive him, his said estate is to be divided equally between her and his children, she is to receive her share absolutely."

This contract was acknowledged and recorded in the clerk's office of the Grant county court.

In June, 1930, G. W. Scroggins made his last will and testament. In item I of the will he requested that all his just debts and funeral expenses be paid out of his estate and a monument be purchased and erected at his grave. Items II and III are as follows:

Item II: "I give and devise to my beloved wife, Louise Scroggins all of my household goods, all of the poultry, and all of the fruit, and in addition thereto one-half of the remainder of my personal estate. The balance of my personal estate to be equally divided between Una Dills, Ora Crump and Helen Clay."

Item III: "I devise and bequeath to my beloved wife, Louise Scroggins, and to my two children, Una Dills and Ora Crump, and to my granddaughter, Helen Clay, each one-fourth of my real estate. It is my will that the real estate be equally divided among them to-wit: My wife, Louise Scroggins, my two daughters, Una Dills and Ora Crump,

and to my granddaughter, Helen Clay, one-fourth each.''

Item IV of the will provides in substance that the real and personal property devised to the granddaughter, Helen Clay, is to be held in trust for her until she become 21 years of age, and appointed Una Dills and M. E. Carter trustees of the trusts of the infant granddaughter, Helen Clay. It is further provided in the same clause how the trust shall be handled and disposed of. By item V of the will Louise Scroggins, appellee herein, was appointed executrix of the will, and no bond was required of her.

G. W. Scroggins died in the early part of 1931, and Louise Scroggins, his widow, qualified as executrix of his estate as provided by the will. Soon thereafter the executrix brought this suit to settle the estate of the decedent, naming Una Dills, Ora Crump, and Helen Clay, and Una Dills and M. E. Carter as trustees of Helen Clay, who was an infant, parties defendants. In addition to the settlement of the estate of decedent, she sought to recover upon her individual claims a note of decedent for the sum of $700, with interest from March 15, 1917, and a further claim of $300 evidenced by a receipt of decedent, with interest thereon from September 10, 1918. The defendants below filed their answer by which they denied that G. W. Scroggins was indebted to Louise Scroggins in the sum of $700 or in the sum of $300 referred to and set out in the petition, and further denied that decedent executed or delivered to Louise Scroggins the note and receipt for $700 and $300, respectively, sued on. The case was referred to the master commissioner and proof taken. The claims were allowed by the commissioner in his report filed in October, 1931, and the defendants filed exceptions to the report alleging that G. W. Scroggins, the decedent, was not at the time of his death indebted to Louise Scroggins in the sums of $700 and $300 respectively, and further stated that the alleged writings were not signed by G. W. Scroggins, decedent, and neither of same bears his true and correct signature. At the following February, 1932, term of the court, appellants filed their amended answer and exceptions, and, after reiterating the allegations of their former answer and exceptions, further pleaded as a defense the contract of settlement of the property rights between G. W. Scroggins and the

plaintiff, Louise Scroggins, as a full settlement of all property rights between the parties, and that by reason of the contract appellee cannot recover on the writings sued on or maintain any action against the estate of decedent by reason of the contract of settlement and the will of decedent, and that she now is forever barred and estopped from asserting any claim existing at that time or prior thereto against the decedent.

In paragraph II of the amended answer defendants deny that there was any consideration for the alleged indebtedness of $700 and $300. In paragraph III it is alleged that the alleged note representing the sum of $700 and the receipt for the sum of $300 had been materially altered, in that the dates thereon had been changed, and pleaded and relied upon the alleged material alterations as a defense thereto.

Plaintiffs filed their reply, and, after traversing the allegations of the amended answer, pleaded affirmatively that, if there had been any erasures or alterations in either of the writings, such alterations or erasures, if any, occurred or had been made after the writings were parted with by plaintiff and taken from her custody and possession.

Pursuant to an issue out of chancery, the action was submitted to the jury for a determination of the issues of fact made by the pleadings and exceptions to the writings filed. After hearing the testimony, the jury returned a verdict for the plaintiff on the note of $700, and on the receipt of $300 with interest, and judgment was accordingly entered.

A motion and grounds for a new trial were filed and overruled. This appeal results.

In appellants' motion and grounds for a new trial, there are many alleged errors assigned and urged for reversal, but they are not all insisted on in the brief, and we will consider only the questions discussed in brief of appellant.

It is first insisted that the burden of proof was on appellee to show that the alleged alterations of the notes were made prior to the delivery of the instruments or made after delivery thereof by and with the consent of the drawer, and citing Denny v. Darrough, 212 Ky. 655, 279 S. W. 1069. The facts of the case,

supra, are different to the facts disclosed by the record of the instant case, and, in view of the difference in the state of facts, it is our view that the conclusions of law in that case are not applicable to the facts in the instant. case. It must be conceded, however, that the general rule is that the burden is upon the party offering an. instrument to give a satisfactory explanation of erasures or alterations. However, there are exceptions to the rule, depending upon the facts of each case. In. Crawford v. Crawford, 224 Ky. 535, 6 S. W. (2d) 685, 686, it is said:

> "A note, mortgage, or other paper must not be lightly set aside by evidence which merely raises a suspicion that it may not be genuine. It has always been the rule that the evidence must be clear and convincing."

In the instant case the record discloses that the writings. sued on and offered by appellee were filed with the commissioner of the court at the beginning of the litigation. In the original answer appellants raise no question. about any alterations or erasures or other irregularities apparent on the face of the note. They only denied. that G. W. Scroggins signed the writings. Several. months thereafter, by amended answer and exceptions, the question of alterations was for the first time raised. The evidence is to the effect that no alterations, erasures, or other irregularities were observed by those who saw and handled the writings at the time they were filed with the commissioner. The commissioner testified that. he read the writings and entered them on his record,. and that he did not notice anything wrong with them. It will be noticed that counsel for appellants who prepared their answer and exceptions saw and handled the instruments of writing, but raised no question with respect to any alterations until several months after the writings had passed from the possession of appellee. The evidence tends to show indications of erasures in the writings respecting the dates. But there is no evidence conducing to show that the erasures were not. made before delivery to Mrs. Scroggins or that they were made after delivery to her by her or by any other person with her knowledge and consent. The fact that these writings were handled and examined by various. people, including counsel for appellants, from the time they were filed with the commissioner and nothing wrong

observed or noticed for several months thereafter, is strongly persuasive that the writings were regular at the time Mrs. Scroggins filed them with the commissioner. The writings were by pencil on ordinary tablet paper, and erasures or alterations would not have been very difficult. In the circumstances, it is our view that the writings were prima facie of the indebtedness which they purported to represent, and the burden passed to appellants to show that these alleged erasures, if any, were made by appellee or by other person with her knowledge and consent after the delivery of same to her. Instruction No. 3 given by the court to the jury reads:

"The court instructs the jury that although they may believe that the note for $700.00 and the receipt for $300.00 were each executed and delivered to the plaintiff, Louise Scroggins, by the deceased, G. W. Scroggins, for a valuable consideration, yet if they further believe that after the time they or either of them was so executed and delivered to Louise Scroggins and before they were filed with the Master Commissioner of this court as a claim against the estate of G. W. Scroggins, deceased, either or both were materially altered by having the date thereof changed, you should find for the defendants and against the plaintiff as to the note or receipt or both that was so altered."

This instruction we think very clearly submitted the question of alterations to the jury, who heard the evidence and examined the writings. It is our conclusion that the evidence was sufficient to sustain the finding of the jury. Without reciting the other instructions given by the court, it is sufficient to say that we have carefully examined the instructions and that they are substantially correct.

Further complaint is made that the court permitted appellee, widow of deceased, to testify in this case, and insists that her testimony was incompetent under section 606 of the Civil Code of Practice. Mrs. Scroggins was permitted by the court to testify that she wrote the writings in question, but she was not permitted to testify who signed the writings or that the signatures thereto were those of G. W. Scroggins, deceased. She further testified that there were no "alterations, rub-

bing or blurring" in the writings at the time they were delivered to her. She testified that she parted with the writings on August 10, 1931, and that she heard of no complaints about any alterations until after the filing of the amended answer and exceptions in February, 1932. It will be noted that Mrs. Scroggins' testimony above stated was permitted by the court after Una Dills, who was a distributee of the estate under the will and financially interested in the results of this action, was permitted to testify. Under Civil Code of Practice, sec. 606, subsec. 2 (c), Mrs. Scroggins was a competent witness to testify as to matters testified to without objection by Mrs. Dills. Combs v. Roark, Adm'r, 206 Ky. 454, 267 S. W. 210. The record does not disclose any objections to the testimony of Mrs. Dills except, when she was asked whether or not in her best judgment that the signatures in question were written by her father, objections were made to her answering this particular question because she had not shown that she saw him writing any of these papers. No other objections appear, and opposing counsel proceeded to cross-examine her as any other witness. In the circumstances, objections were waived. Brackett's Adm'r v. Boreing's Adm'r, 131 Ky. 751, 110 S. W. 276, 115 S. W. 766, 33 Ky. Law Rep. 292. But, aside from the fact that Mrs. Dills was permitted to testify and Mrs. Scroggins then testified subsequently thereto, it is our conclusion that the testimony of Mrs. Scroggins did not relate to such transactions with a deceased person as is prohibited by section 606, Civil Code of Practice. She was only permitted to testify that the writings were in her handwriting, except the signatures, but not permitted to state that her deceased husband signed same or that the signatures thereto were his, and further testified that there were no alterations in the writings when she parted with them. In the circumstances, we do not think that her testimony was sufficiently prejudicial to the substantial rights of appellants as to warrant a reversal.

It is further insisted that the contract of settlement of property rights between appellant and her decedent, being subsequent to the execution of the notes sued on, was a novation of all prior contracts between the parties, and for this reason appellant is estopped to assert her claim on the notes. At the time of the settlement

the notes previously executed and in the hands of appellant constituted a chose in action, and were the separate property of the wife. In the case of Dawson v. Dawson, 226 Ky. 750, 11 S. W. (2d) 933, 935, the rule is thus stated:

"A contract, whereby the wife releases all rights and interests in the property of the husband does not operate as a release of her rights in her own property, including a chose in action due her from the husband."

To the same effect see Price v. Price, 78 S. W. 888, 25 Ky. Law Rep. 1803.

It follows then that the settlement of property rights between appellant and her decedent does not preclude her from maintaining this action on the notes against the estate of decedent.

Lastly it is insisted that the judgment of the court herein is a personal judgment against the heirs and devisees instead of against the estate of G. W. Scroggins, deceased. The judgment reads as follows:

"It is adjudged by the Court that the Plaintiff, Louise Scroggins, recover of the defendants, Una Dills, R. L. Dills, Ora Crump, Marshall Crump, Helen Clay, an infant under 14 years old, on the note of $700.00 Dollars with interest thereon at the rate of 6% per annum from March 15, 1917, until paid, and the further sum of $300.00 with interest thereon at the rate of 6% per annum from September 10, 1918 until paid, and for her costs herein expended."

In this contention we agree with appellants. The judgment, in its form, constitutes a personal judgment against the heirs and devisees and not against the estate of G. W. Scroggins, deceased. If appellee is entitled to recover, her recovery should be against the estate of the decedent, the same as any other claim against the estate of a deceased person.

Aside from the form of the judgment, we perceive no error prejudicial to the substantial rights of appellants, but, because of the erroneous judgment, in that it is a personal judgment against appellants, the judgment must be and is reversed and set aside, and that upon

return of the case, the chancellor will set aside the judgment entered and enter judgment against the estate of G. W. Scroggins, deceased. Appellee will pay one-fourth of the cost, and the estate of deceased will pay three-fourths of the cost.