## McKnight's Adm'x v. McKnight et al.

April 16, 1940.

A. M. Caldwell, Judge.

Thomas W. Hardesty, Jr., for appellant.

L. J. Crawford, James B. Meadows and Matt Herold for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This action was brought by the appellant, Mildred Hoffman, administratrix of the estate of Anna M. McKnight, deceased, against the appellees, J. Ed. McKnight, a son of the deceased, and the Bellevue Commercial & Savings Bank, to recover certain monies alleged to have been the property of the deceased at the time of her death. Mrs. McKnight .had a savings account with the appellee bank. On the 7th day of July, 1931, she and J. Ed. McKnight went to the bank and had her account transferred to a joint account for the two of them with a survivorship clause therein. Mrs. McKnight died in November, 1931. There was a balance of $1,557.85 in the joint account at the time. The establishment of the joint account was challenged on the ground that the deceased was of unsound mind at the time of its establishment, and that she was unduly influenced by her son.

This appeal is being prosecuted from a judgment on a directed verdict given at the conclusion of appellant's evidence. It is insisted that the trial court excluded competent evidence and that the evidence admitted was sufficient to take the case to the jury.

The principal evidence offered as to the deceased's mental condition was given by Mrs. Anna Yeager, a sister-in-law of Charles McKnight, another son of the deceased. In substance, her testimony related to a period of time when she lived with the deceased several months prior to her death. She said that Mrs. McKnight liked to have her own way, attacked her on two occasions, did not eat her meals regularly, was peculiar at times and sometimes thought she was talking with her deceased husband. The question at issue related to the mental condition of Mrs. McKnight at the time the

joint bank account was established in the summer of 1931. As indicated, Mrs. Yeager's testimony related to her condition some months prior to that date. Her evidence was not sufficient to take the case to the jury, even under the scintilla rule which was modified in the case of Nugent v. Nugent's Ex'r, 281 Ky. 263, 135 S. W. (2d) 877.

It is next insisted that Charles McKnight should have been permitted to testify as to his mother's mental condition, since he was testifying for the benefit of the estate. The case of Combs v. Roark, 206 Ky. 454, 267 S. W. 210, 213, is relied upon, but in that case, after reviewing decisions under the former statute, it was said:

> "We thus conclude that while under the former statute an heir, devisee or legatee or other interested person could testify on behalf of the estate, that he is not accorded such privilege under the code provisions, supra." (Sections 605 and 606, Civil Code of Practice.)

See, also, Continental Jewelry Company v. Blair, 237 Ky. 805, 36 S. W. (2d) 636; McNeill's Adm'x v. Riley, 256 Ky. 170, 75 S. W. (2d) 1068.

It is further insisted that, since Charles McKnight said during the trial that he waived any right or interest in the estate, his evidence then became competent, but Subsection 7, Section 606 of the Code, provides:

> "The assignment of a claim by a person who is incompetent to testify for himself shall not make him competent to testify for another."

We think the provision of the Civil Code of Practice just quoted covers the question now before us, to say nothing of the fact that the waiver was merely a verbal statement made during the trial. It is pointed out by counsel for the appellees that the waiver of his interest by Charles McKnight was in some respects an assignment of his interest to his brothers and sisters, and since he could not testify for himself he could not testify for them. See Justice's Adm'r v. Hopkins, 261 Ky. 681, 88 S. W. (2d) 688. The same reasoning applies to the competency of the testimony of the wife of Charles McKnight.

It follows from what has been said that the judgment should be, and it is, affirmed.