**Uncel WHAYNE and the City of Perryville, Kentucky, Appellants,**

**v.**

**Harvey WEBB, Appellee.**

Court of Appeals of Kentucky.

May 5, 1967.

Rehearing Denied Oct. 20, 1967.

A. Jack May, Donald D. Harkins, Begley & Harkins, Danville, for appellants.

James F. Clay, James F. Clay, Jr., Danville, for appellee.

JULIUS LEIBSON, Special Commissioner.

This action was brought by appellants as a suit for a declaration of rights in which it was alleged that appellee had asserted claims of ownership to that portion of High Street that lies north of its platted intersection with Gray Street in the Prewitt

Heights Subdivision in the City of Perryville, had placed upon said portions of the street gasoline pumps and other obstructions, and had obstructed the efforts of the city to open that portion of High Street to traffic and to surface same. In the complaint appellants asked the court to enjoin appellee Webb from obstructing that portion of High Street, relying upon the original, notarized and recorded plat of the subdivision which had been a public record in the custody of the clerk's office for over 43 years.

The issues were joined by appellee Webb by a general denial. The request for admissions of fact and proof taken by appellee Webb indicate that he relied upon a blueprint filed with his request for admission of Fact 5, which blueprint he attempted to introduce in evidence over objection of appellants. Said blueprint would show High Street to come to a triangular point between lots numbers 68 and 23, both of which were owned by appellee, thereby closing it.

The trial court decided that appellants failed to establish their right to have the street opened up as depicted upon the recorded plat, on the ground that said plat showed evidence of having been altered by erasure. The judgment relied upon the blueprint of the same subdivision introduced by appellee which shows the boundaries of the lots of subdivision, "as they appear on the recorded plat prior to the alteration". Yet, when appellee received his deeds to lots numbers 63 to 68, the deed specifically referred to the recorded plat, not to a private blueprint.

The rights of the parties depend upon when the plat was altered. The trial court held that appellants had the burden of proving the alteration was made under circumstances which render it "lawful", citing Denny v. Darraugh, 212 Ky. 655, 279 S.W. 1069; Dills v. Scroggin's Ex'x, 251 Ky. 452, 65 S.W.2d 464; and Damron v. Damron, 301 Ky. 636, 192 S.W.2d 741.

It appears to this Court that these cases do not support this proposition when the instrument in question is one which has been recorded in the county clerk's official records for many years. The Damron case involved an unrecorded deed in the possession of the grantee; the Darraugh case involved an unrecorded note; and in Dills v. Scroggin's Ex'x, 251 Ky. 452, 65 S.W.2d 464, 467, this Court said:

> "It must be conceded, however, that the general rule is that the burden is upon the party offering an instrument to give a satisfactory explanation of erasures or alterations. *However, there are exceptions to the rule, depending upon the facts of each case.* In Crawford v. Crawford, 224 Ky. 535, 6 S.W.2d 685, 686, it is said: 'A note, mortgage, or other paper must not be lightly set aside by evidence which merely raises a suspicion that it may not be genuine. It has always been the rule that the evidence must be clear and convincing.'" (Emphasis added)

There are other presumptions that should be considered in deciding this perplexing case. The common law rule was that an alteration appearing upon a deed should be presumed to have been made before delivery, in the absence of any evidence to the contrary. This doctrine was based upon the principle that a deed cannot be altered after it is executed, without fraud or wrong, and the presumption is against fraud or wrong. Tiffany on Real Property, Vol. 8, page 191. This common law rule has been recognized in Kentucky. Gunkel v. Seiberth, 27 Ky.Law Rep. 455, 85 S.W. 733; Pike County v. Sowards, 147 Ky. 37, 143 S.W. 745. No reason is shown why this rule should not apply to plats as well as to deeds.

Since this plat has been in the hands of the county clerk as part of his official records since 1921, it cannot be lightly disregarded. It is well known to all attorneys and judges that many, many recorded instruments have erasures and inter-

lineations because of mistakes of the typist or draftsman. Surveyors frequently erase lines, particularly on plats which contain numerous lines. If all of these instruments were to be suspect, reliance upon recorded instruments would be dealt a severe blow. The recording system is built around the concept of respecting the records unless it is clearly shown that they are false. In unrelated cases we have recently held that "the dignity and majesty of public records increase with age, and the longer the period of time elapsing between their date and the time validity is questioned the greater the dignity, so that after the passage of a sufficient period of time such public records may become absolute and unassailable". Moore v. Commonwealth, Ky., 407 S.W.2d 136, 137. See also Brown v. Commonwealth, Ky., 396 S.W.2d 773. This proposition applies to real property records as well as to other official records. We believe the better rule to be that a plat which has been recorded for many years will be presumed to have been executed and recorded with the erasures shown on it and such presumption is unassailable in the absence of evidence of alteration after execution and recording. See 4 Am.Jur.2d, Alteration of Instruments, section 81 (page 75). This is particularly true where the plat has been referred to in numerous conveyances over a long period of time.

Several matters impressed this Court which were not commented upon by the trial court. Robert Casey testified that in December of 1943 or January of 1944 he considered buying the lots in question, visited the property, and upon being accosted by a neighbor, went to the courthouse to see if High Street affected the lots. He testified that the existence of High Street in such a location was the reason he decided not to buy the lots. This testimony as to the condition of the recorded plat in 1943–44 was not contradicted by any other evidence. Appellee Webb testified that he purchased the lots in 1946, some two years later. He offered no testimony as to whether or not he examined the recorded plat before he purchased the property. From the uncontradicted testimony of witness Casey, appellee Webb would have found the recorded plat in 1946 showing the same state of facts it does today. Therefore it appears that he had constructive knowledge of the "altered" plat when he purchased the property. When he accepted his deed in 1946, which referred to the altered plat, he may have tacitly ratified it. The testimony of the county clerk and deputy clerk lent weight to the testimony of Casey by showing it to be virtually impossible for the plat to have been altered in an eight-year period prior to filing of this action. The trial court apparently did not consider what the significance of this testimony was. In any event, appellee completely failed to overcome the presumption of alteration prior to the time he purchased his lots, and he was bound by what the recorded plat showed at that time.

The judgment is reversed, with directions to enter judgment for appellants.

All concur.